KUEHN, V.P.J., SPECIALLY CONCURRING:
 

 ¶1 I agree with the Majority's finding in Proposition 1. In reaching that conclusion, I agree that the appropriate test for alleged Constitutional violations is that required by
 
 Chapman v. California
 
 ,
 
 386 U.S. 18
 
 , 24,
 
 87 S.Ct. 824
 
 , 828,
 
 17 L.Ed.2d 705
 
 (1967), rather than the qualitatively different test for nonconstitutional violations found in
 
 Hogan v. State
 
 ,
 
 2006 OK CR 19
 
 , ¶ 38,
 
 139 P.3d 907
 
 , 923. I agree that, under
 
 Chapman
 
 , the trial court's failure to instruct the jury properly was error, and the State has shown that error was harmless beyond a reasonable doubt. I write separately to more fully address the instruction issue to give guidance to trial courts and counsel.
 

 ¶2 As the Majority correctly finds, lewd molestation of a child under the age of 12 is not a "different or separate crime" from lewd molestation of a child under 16, as the age difference only enhances the punishment range. The age of the victim of a lewd molestation crime under any subsection of Title 21 O.S. § 1123 is an element of the crime itself, but that age is 16 years or younger.
 
 [1]
 
 The trial judge appropriately instructed the jury on the elements of the crime of lewd molestation of a child under the age of 16, as the State charged the Appellant with that specific offense.
 

 ¶3 The Majority also correctly holds it was error to exclude from the instructions on punishment that the jury find the State proved the victim was 12 years or younger in order to consider an enhanced punishment. The jury instruction for lewd molestation (OUJI 4-129) should not change, but the instruction on the available punishment range, OUJI 10-13, should. The third paragraph of the instruction should read as follows:
 

 If you find the defendant guilty, you shall then determine the proper punishment.
 

 The crime of lewd molestation of a child under the age of 16 is punishable by imprisonment in the custody of the Department of Corrections for not less than three years nor more than twenty (20) years. You may also impose a fine up to $10,000.00.
 

 If you find the defendant guilty, and find beyond a reasonable doubt that the victim(s) (insert either initials of victim(s) or count(s) of the Information here if multiple victims) (was) (is) (were) (are) the age of twelve or under, then you may sentence the defendant to custody in the Department of Corrections for not less than twenty-five (25) years. You may also impose a fine up to $10,000.00.
 

 Although not raised in this appeal, the State must put a defendant on notice that it is seeking enhanced punishment.
 
 [2]
 
 Therefore, the Information should state that the child is under the age of twelve.
 

 OUJI 4-129 notes that element.
 

 In this case notice was not an issue. The State first charged Appellant with Sexual Abuse of a Minor Child. That crime, like Lewd Molestation, also includes a finding that the victim was a child under the age of eighteen (18) and carries up to Life in prison. When the State requested to amend the charges to lewd molestation of a child under the age of sixteen (16), they argued that since the victim was under twelve (12) the maximum punishment would not change. Therefore, Appellant was put on notice of the range of punishment.